IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEXTER BROWN,

       Plaintiff,                  No. CIV S-11-3441 EFB P

    vs.

HUME, et al.,

       Defendants.         ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, several requests for appointment of counsel, and several requests for injunctive relief. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

### III. Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A and for the reasons stated below, finds that it must be dismissed. The complaint alleges that defendant Hume compelled plaintiff to accept a special renal diet that was prescribed by a CDCR physician to treat plaintiff's chronic kidney failure. Dckt. No. 1 at 4.[1] In addition to the allegations against Hume, the complaint alleges that other prison officials subjected plaintiff to involuntary medication, hospitalization, blood specimen collections, and unspecified medical treatments, sometimes under threat of death or by withholding other medical treatment. Alongside the vague allegations of "forced" medical treatment, are allegations that prison officials also caused plaintiff to "nearly die," "by falsely claiming" that plaintiff refused to be transported to U.C. Davis for the surgical removal of a blood clot. *Id*. at 7.

The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). As drafted, the court cannot determine who plaintiff intends to name as defendants. Rule 10(a) of the Federal Rules of Civil Procedure requires that a complaint include a caption identifying all of the parties.

The only defendant listed in either the caption of the complaint or in the list of defendants on the form complaint is defendant Hume. Dckt. No. 1 at 1, 2. While the caption/list of defendants indicates that additional defendants are named in the statement of claims, the disjointed and confusing nature of the allegations make identifying all intended defendants an onerous task. In the body of the complaint, plaintiff refers to "the named defendant," "the named defendants" and also generically to "defendants." Plaintiff also purports to name multiple Doe defendants, but also states that he is providing the names of various Doe defendants. *Id.* at 9.

---

[1] The page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by plaintiff.

3

1  Additionally, the body of the complaint refers to approximately twenty other individuals as
2  defendants, but none of them are listed in the caption or in the section of the form complaint for
3  listing defendants.
4      Moreover, the complaint fails to state a cognizable claim based on any "forced" medical
5  treatment or on the vague and conclusory allegation that plaintiff nearly died when prison
6  officials "falsely claimed" that plaintiff refused to be transported for surgery.  Plaintiff is hereby
7  informed that an individual defendant is not liable on a civil rights claim unless the facts
8  establish the defendant's personal involvement in the constitutional deprivation or a causal
9  connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
10  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
11  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable
12  for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
13  1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff
14  must plead that each Government-official defendant, through the official's own individual
15  actions, has violated the Constitution."  *Id.*  It is plaintiff's responsibility to allege facts to state a
16  plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969
17  (9th Cir. 2009).   Plaintiff has not pled sufficient factual matter to state a plausible claim for
18  relief based on these allegations.
19      The Eighth Amendment protects prisoners from inhumane methods of punishment and
20  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
21  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and
22  only those deprivations denying the minimal civilized measure of life's necessities are
23  sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,
24  503 U.S. 1, 9 (1992).
25      To state a section 1983 claim for a constitutional violation based on inadequate medical
26  care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

4

indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

The complaint is devoid of facts sufficient to demonstrate that any prison official acted with the requisite deliberate indifference in forcing any medical treatment on plaintiff, or that in doing so, plaintiff was exposed to a substantial risk of serious harm. Plaintiff's allegations that Hume acted "with a casual disregard for plaintiff's civil rights" in forcing him to accept a medically prescribed diet to treat his chronic kidney failure, and that prison officials caused him to "nearly die" by falsely claiming plaintiff refused transportation, are too general and conclusory to demonstrate that any individual knowingly exposed plaintiff to a serious risk or imposed unnecessary and wanton infliction of pain. The allegations thus fail to state a cognizable claim for cruel and unusual punishment.

Additionally, imposing unwanted medical treatment on an inmate does not constitute a due process violation if the treatment is "reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 223 (1990); *id.* at 225 ("The State has undertaken the obligation to provide prisoners with medical treatment consistent not only with their own medical interests, but also with the needs of the institution. Prison administrators have not only an interest in ensuring the safety of prison staffs and administrative personnel, . . . but the duty to take reasonable measures for the prisoners' own safety."); *see also Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974) ("Allegations that prison medical personnel preformed major surgical procedures upon the body of an inmate, without his consent and over his known objections, that were not required to preserve his life or further a compelling interest of

imprisonment or prison security, may [be sufficient to state a cognizable Fourteenth Amendment due process claim]."). The bare allegations that prison officials forced upon plaintiff unspecified medical treatment for the purpose of treating plaintiff's kidney failure fail to state a plausible due process claim.

The complaint also alleges that Hume violated plaintiff's Fourteenth Amendment equal protection rights. "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted). The complaint alleges no facts to demonstrate any violation of plaintiff's equal protection rights.

Because the complaint violates Rule 8 and fails to state a cognizable claim against the only clearly named defendant, it must be dismissed with leave to amend. Additionally, it appears from the complaint's remaining allegations that plaintiff has attempted to improperly join other defendants and claims that are unrelated to the allegations against defendant Hume and the allegedly unwanted medical treatment.

Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

6

In deciding whether defendants are improperly joined, the court may look to the first named defendant and join only those claims that can properly be joined to the claims against that defendant. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). The court may then dismiss the misjoined defendants without prejudice to the plaintiff's filing of new, separate lawsuits against the dropped defendants. *Id.*; *see* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

The complaint's remaining allegations appear to be based on discrete sets of facts that are unrelated to the claim of unwanted medical care against defendant Hume, and instead involve separate instances of alleged interference with plaintiff's mail, acts of retaliation, conspiracies, a reduction in pain medication, the denial of clean clothing, and the use of non-sterile techniques when changing plaintiff's dressing. Claims based on these allegations appear to be improperly joined with the claim of unwanted medical care for plaintiff's kidney failure, because there are no facts demonstrating they arise out the same occurrence and involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Claims against improperly joined defendants must also be dismissed.

Plaintiff will be granted leave to file an amended complaint against defendant Hume, if plaintiff can allege a cognizable legal theory against defendant Hume and any other proper defendant, as well as sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

In an amended complaint, plaintiff must include a complete list of all intended defendants.  Plaintiff must also identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

## IV.     Requests for Counsel

Plaintiff has requested that the court appoint counsel.  Dckt. Nos. 6, 7, 12.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The court finds that there are no exceptional circumstances in this case.

## V.     Requests for Injunctive Relief

Plaintiff has filed multiple requests for injunctive relief.  Dckt. Nos. 4, 5, 10, 13, 14.  As discussed above, plaintiff's complaint is dismissed.  Plaintiff's requests for injunctive relief are therefore premature because he has failed to state a claim upon which relief can be granted and there are no defendants against whom this court could enter an order.  If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s).  The court cannot issue an order against individuals who are not parties to a suit pending before it.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  *See also Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an

injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the court will deny plaintiff's requests for injunctive relief as premature.

## VI. Conclusion

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's motions for appointment of counsel (Dckt. Nos. 6, 7, 12) are denied.

5. Plaintiff's requests for injunctive relief (Dckt. Nos. 4 5, 10, 13, 14) are denied.

Dated: April 16, 2012.

*[signature: Edmund F. Brennan]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9